## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ROBERT H. JONES                                                           PLAINTIFF

V.                                                                          NO. 3:04CV-170-S

KROGER, et al.                                                      DEFENDANTS

## **REPORT AND RECOMMENDATION**

The magistrate judge recommends that the district court dismiss Mr. Jones's claims, with prejudice, pursuant to FED. R. CIV. P. 55, due to his repeated failure to prosecute his case and to comply with several of the court's orders that he appear for scheduling conferences (*see* docket nos. 18 and 23).

This matter was originally set for a Rule 16 hearing on June 7, 2004 (*see* docket no. 5). The defendants requested a continuance, however, which the court granted (*see* docket nos. 8 and 12). Consequently, the Rule 16 hearing was rescheduled for June 24, 2004 (*see* docket no. 12).

On June 22, the plaintiff requested a continuance because he had been ill (*see* docket no. 14). The court granted his request, and continued the hearing until July 26, 2004 (*see* docket no. 15).

On July 26, the plaintiff left a message for the court saying that, once again, he was unable to attend the hearing due to illness (*see* docket no. 17). The court rescheduled the hearing for August 18, 2004, but warned the plaintiff that no further continuances would be granted, absent good cause (*see id.*).

On August 18, plaintiff called to say he could not attend the hearing due to a "medical emergency" (*see* docket no. 18). The court once again continued the Rule 16 hearing for the

third time at plaintiff's request (the fourth time overall), but required the plaintiff to establish good cause for the continuance by filing a "detailed doctor's statement explaining his condition" (*see id.*). The court then warned plaintiff that if he failed to appear for the rescheduled hearing another time, that the magistrate judge would recommend that the district court dismiss the case for plaintiff's failure to prosecute his claims and his failure to follow court orders.

Plaintiff subsequently filed a letter from his doctor, which stated, in its entirety:

> I have been treating Robert H. Jones, for several years. Over the past few months, he has had exacerbation of his underlying disease that has made it difficult for him to function.

(*See* docket no. 19.) This is not the "detailed doctor's statement explaining [plaintiff's] condition" that the court requested, and the court has been provided with no explanation of what illness troubles the plaintiff, and whether it is indeed severe enough that he cannot participate in a Rule 16 hearing.

Shortly thereafter, the court was required, on its own motion, to continue the conference once again, because plaintiff had failed to notify the court of his change of address (*see* docket no. 23). The order rescheduling the conference was mailed to plaintiff's new address (*see id.*).

On September 29, 2004, the date on which the long awaited Rule 16 hearing was finally to be held, plaintiff failed to appear. The plaintiff now has repeatedly failed to advance his claims and has disregarded court orders. Although the magistrate judge is not eager to do so, preferring that cases be decided on their merits, he is left with no choice but to recommend dismissal of plaintiff's claims, with prejudice, pursuant to FED. R. CIV. P. 55.

cc: Robert H. Jones, pro se
     counsel of record

## **NOTICE**

Within ten (10) days after being served a copy of this recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).